Allen R. Ball, Esq. (State Bar #124088)
Brett Yorke, Esq. (State Bar #289353)
LAW OFFICE OF BALL & YORKE
1001 Partridge Drive, Suite 330
Ventura, California 93003
(805) 642-5177; (805) 642-4622 Fax
aball@ballandyorkelaw.com
brettyorke@ballandyorkelaw.com
jcohen@ballandyorkelaw.com
Attorney for Plaintiff,
VICTORIA REYES

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

'25CV0075 AJB  MMP

| | |
|---|---|
| Victoria Reyes, on behalf of herself and all others similarly situated, | Case No.: unassigned |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| vs. | 1. Unfair Competition Law<br>2. False Advertising Law<br>3. Consumer Legal Remedies Act |
| WK Kellogg Co. | |
| Defendants. | Jury Trial Demanded<br>General Jurisdiction – Civil |

## I.     JURISDICTION

1.     This Court has original diversity jurisdiction over this action under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2). Plaintiff is a citizen of the State of California and Defendant is a citizen of the State of Delaware and is headquartered with its principal place of business in the state of Michigan. The matter in controversy, which includes the purchase price for all sales of the Products, in the state of California, during the past four years, exceeds the sum or value of $5,000,000, exclusive of interest and costs, and this is a class action in which the number of members of the proposed class is not less than 100.

2.      In addition, this Court has diversity jurisdiction over Plaintiff s state law claims pursuant to 28 U. S. C. § 1332(a) because the matter in controversy, which includes Plaintiff s claims and the claims of the proposed class members, exceeds the sum or value of $75,000, exclusive of interest and costs, and certain members of the proposed class are citizens of states different from the states in which Defendant is a citizen.

## II.      NU

3.      Venue is proper pursuant to 28 U.S.C. § 1391. A substantial part of the events or omissions giving rise to Plaintiff s claims occurred in this judicial district. Also, Defendant has used the laws within, and has done substantial business in, this judicial district in that they have promoted, marketed, distributed, and sold the Products at issue in this judicial district. Finally, there is personal jurisdiction over Defendant in this judicial district.

## III.    PARTI S

4.      Plaintiff Victoria Reyes is a resident of San Diego, California. During the Class Period (defined below), Ms. Reyes purchased one of the Products at issue at a CVS store located in San Diego, California, within the Court s district.

5.      Defendant WK Kellogg Co, is a Delaware corporation headquartered in the State of Michigan, with its principal place of business at 1 Kellogg Square, Battle Creek, MI 49017. Therefore, Defendant is a citizen of the states of Delaware and Michigan. At all times relevant hereto, Defendant manufactured, mass marketed, sold, produced, and distributed the Product throughout the United States, including the State of California.

## I .    STAT M NT O   ACTS

6.      This is a class action against Kellogg for unfair and deceptive trade practices for representing on the front packaging of the Products that the cereals contain strawberries.

COMPLAINT

7.    Kellogg uses deceptive photographs on the front of its cereal boxes for the Products to make it appear that the Products contain strawberries.

8.    However, there are no strawberries contained in the Products.

9.    For example, the packaging for Kellogg s Corn Flakes looks as follows:



10.  The packaging for Kellogg s Rice Krispies looks as follows:

1    11.    The packaging for Kellogg s Frosted Flakes looks as follows:



12.    Upon closer inspection and after consuming the Products, it became clear that there are no strawberries included in the cereals. This is not only

disappointing but constitutes a clear case of false advertising, as the images prominently display strawberries, leading consumers to believe that they are purchasing a product with strawberries.

13.    This misleading packaging has caused confusion and dissatisfaction and is a violation of consumer trust and rights. Consumers rely on honest and accurate product descriptions to make informed purchasing decisions.

14.    The front of the Products packaging unambiguously displays strawberries in the Products with no adequate language on the front of the packaging to cure the unambiguous photographs of the alleged Products contained therein.

15.    Also, there are many competing products that include strawberries in the cereal, including Honey Bunches of Oats with Real Strawberries, HEB Flakes with Strawberries, Trader Joes Flakes and Strawberries Cereal, and Great Value Strawberry Awake.

16.    Kellogg s also sells competing cereal products that contain strawberries, including Special K Red Berries and Special K Chocolate Strawberry.

17.    Further, there are competing products, such as uaker Oats Oatmeal, that display strawberries and or fruit in the product, on the front of the product packaging, but also includes a disclosure on the front of the product packaging that informs consumers that the product does not include the fruit as pictured.

18.    In February of 2024, Plaintiff sent a demand letter to Kellogg s in an attempt to obtain a change to the Products packaging, but Kellogg s failed to make any changes or provide additional disclosures.

19.    During the Class Period (defined below), Plaintiff purchased a box of Kellogg s Frosted Flakes at a CVS store located at 313 Washington Street, San Diego, CA 92103, for approximately $6.00.

20.    Plaintiff viewed the box of the Frosted Flakes cereal prior to her purchase and determined to try the product because she believed that it contained strawberries.

21.     After she opened the box, Plaintiff discovered that there were no strawberries in her box of Kellogg s Frosted Flakes and felt cheated especially because there was no indication on the front of the packaging for the product that would indicate to her that the product did not contain any strawberries.

22.     If Plaintiff knew that Kellogg s Frosted Flakes contained no strawberries, she would not have purchased the product.

## .   CLASS ACTION ALL    ATIONS

23.     Plaintiff brings this action pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(2) and (b)(3) on behalf of the following class:

> All persons who purchased Kellogg s Frosted Flakes, Rice Krispies, and or Corn Flakes branded cereals in the state of California, during the period between January 8, 2021, through the date of the final disposition of this action (the  Class  and the  Class Period ).

24.     Plaintiff reserves the right to amend the definition of the Class if discovery and further investigation reveals that the Class should be expanded or otherwise modified.

25.     Plaintiff reserves the right to establish additional subclasses as appropriate.

26.     This action is brought and properly may be maintained as a class action under the provisions of Federal Rules of Civil Procedure 23(a)(l)-(4) and 23(b)(2) and (b)(3), and satisfies the requirements thereof.

27.     There is a well-defined community of interest among members of the Class, and the disposition of the claims of these members of the Class in a single action will provide substantial benefits to all parties and to the Court.

28.     The members of the Class are so numerous that joinder of all members of the Class is impracticable. At this time, Plaintiff believes that the Class includes thousands of members. Therefore, the Class is sufficiently numerous that joinder of

all members of the Class in a single action is impracticable under Federal Rule of Civil Procedure Rule 23(a)(l), and the resolution of their claims through the procedure of a class action will be of benefit to the parties and the Court.

29.     Plaintiff s claims are typical of the claims of the members of the Class whom she seeks to represent because Plaintiff and each member of the Class has been subjected to the same deceptive and improper practices by Defendants and have been damaged in the same manner.

30.     Plaintiff will fairly and adequately represent and protect the interests of the members of the Class as required by Federal Rule of Civil Procedure Rule 23(a)(4). Plaintiff has no interests that are adverse to those of the members of the Class that she seeks to represent. Plaintiff is committed to the vigorous prosecution of this action and, to that end, Plaintiff has retained counsel that is competent and experienced in handling complex class action litigation on behalf of consumers.

31.     A class action is superior to all other available methods of the fair and efficient adjudication of the claims asserted in this Complaint under Federal Rule of Civil Procedure 23(b)(3) because:

     a. The expense and burden of individual litigation would not be economically feasible for members of the Class to seek to redress their claims other than through the procedure of a class action;

     b. If separate actions were brought by individual members of the Class, the resulting multiplicity of lawsuits would cause members to seek to redress their claims other than through the procedure of a class action; and

     c. Absent a class action, Defendant likely would retain the benefits of its wrongdoing, and there would be a failure of justice.

32.     Common questions of law and fact exist as to the members of the Class, as required by Federal Rule of Civil Procedure 23(a)(2), and predominate

over any questions that affect individual members of the Class within the meaning of Federal Rule of Civil Procedure 23(b)(3).

33.    The common questions of fact include, but are not limited to, the following:

a. Whether Defendant s advertisements are materially misleading;

b. Whether Defendant engaged in unlawful, unfair, misleading, or deceptive business acts or practices;

c. Whether a reasonable consumer could be misled by Defendant s advertisements;

d. Whether Defendant s advertisements violated California s Unfair Competition Law;

e. Whether Defendant s advertisements violated California s False Advertising Law;

f. Whether Plaintiff and members of the Class are entitled to an award of reasonable attorneys  fees, pre-judgment interest, and costs of this suit.

34.    In the alternative, this action is certifiable under the provisions of Federal Rule of Civil Procedure 23(b)(2) because Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole and necessitating that any such relief be extended to members of the Class on a mandatory, class-wide basis.

35.    Plaintiff is not aware of any difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a class action.

# I.    CAUS S O ACTION

## COUNT I

### C    r    U    r C          L    UCL

### P          d    C

36.    Plaintiff incorporates by reference the allegations in every paragraph in this complaint.

37.    Plaintiff brings this cause of action individually and on behalf of the Class.

38.    Defendant has violated California s Unfair Competition Law (UCL) by engaging in unfair conduct.

39.    As alleged in detail above, Defendant s labeling is false and misleading and is likely to deceive, and did deceive, Plaintiff and other reasonable consumers.

40.    Plaintiff viewed and reasonably relied on Defendant s misrepresentations when purchasing Defendant s Products.

41.    Class-wide reliance can be inferred because Defendant s misrepresentations were material, i.e., a reasonable consumer would consider them important in deciding whether to buy Defendant s Products.

42.    Defendant s misrepresentations were a substantial factor in Plaintiff s purchase decisions and the purchase decisions of class members.

43.    Plaintiff and class members were injured as a direct and proximate result of Defendant s conduct because: (a) they would not have purchased Defendant s Products if they had known that they did not contain strawberries and (b) they did not receive the benefit of their bargain as they did not receive the strawberries that they bargained and paid for.

**COUNT II**

**C    r                Ad    r        L**

**P            d        C**

44.    Plaintiff incorporates by reference the allegations in every paragraph in this complaint.

45.    Plaintiff brings this cause of action individually and on behalf of the class.

46.    As alleged in detail above, Defendant falsely advertised the Products by falsely representing that the Products contained strawberries.

47.    Defendant s misrepresentations were likely to deceive, and did deceive, Plaintiff and other reasonable consumers. Defendant knew, or should have known through the exercise of reasonable care, that these statements were false and misleading.

48.    Defendant s misrepresentations were intended to induce reliance, and Plaintiff saw, read, and reasonably relied on them when purchasing Defendant s Products.

49.    Class-wide reliance can be inferred because Defendant s misrepresentations and omissions were material, i.e., a reasonable consumer would consider them important in deciding whether to buy the products.

50.    Defendant s misrepresentations were a substantial factor in Plaintiff s purchase decisions and the purchase decisions of class members.

51.    Plaintiff and class members were injured as a direct and proximate result of Defendant s conduct because: (a) they would not have purchased Defendant s Products if they had known that they did not contain strawberries and (b) they did not receive the benefit of their bargain as they did not receive the strawberries that they bargained and paid for.

**COUNT III**

**C      r      C      r L      R      d      A**

**P      d**

52.     Plaintiff incorporates by reference the allegations in every paragraph in this complaint.

53.     Plaintiff brings this cause of action individually and on behalf of the class.

54.     Plaintiff and the class are  consumers,  as the term is defined by California Civil Code § 1761(d).

55.     Plaintiff and the class have engaged in  transactions  with Defendant as that term is defined by California Civil Code § 1761(e).

56.     The conduct alleged in this Complaint constitutes unfair methods of competition and unfair and deceptive acts and practices for the purpose of the CLRA, and the conduct was undertaken by Defendant in transactions intended to result in, and which did result in, the sale of goods to consumers.

57.     As alleged more fully above, Defendant made and disseminated untrue and misleading statements of facts in its advertisements and labels to class members. Defendant did this by advertising that the Products have strawberries, when in fact the Products did not have strawberries.

58.     Defendant violated, and continues to violate, Section 1770(a)(5) of the California Civil Code by representing that goods have  characteristics, ingredients, uses, benefits, or quantities which they do not have.

59.     Defendant violated, and continues to violate, Section 1770(a)(9) of the California Civil Code by advertising  goods  with intent not to sell them as advertised.

60.     Defendant s representations were likely to deceive, and did deceive, Plaintiff and reasonable consumers. Defendant knew, or should have known

through the exercise of reasonable care, that these statements were inaccurate and misleading.

61.    Defendant s misrepresentations were intended to induce reliance, and Plaintiff saw, read, and reasonably relied on them when purchasing the Products. Defendant s misrepresentations were a substantial factor in Plaintiff s purchase decision.

62.    In addition, class wide reliance can be inferred because Defendant s misrepresentations were material, i.e., a reasonable consumer would consider them important in deciding whether to buy the Products.

63.    Defendant s misrepresentations were a substantial factor and proximate cause in causing damages and losses to Plaintiff and the class.

64.    Plaintiff class members were injured as a direct and proximate result of Defendant s conduct because: (a) they would not have purchased Defendant s Products if they had known that they did not contain strawberries and (b) they did not receive the benefit of their bargain as they did not receive the strawberries that they bargained and paid for.

65.    Accordingly, pursuant to California Civil Code § 1780(a)(2), Plaintiff, individually and on behalf of all other members of the class, seeks injunctive relief.

66.    CLRA § 1782 NOTICE. On February 27, 2024, a CLRA demand letter was sent to Defendant s headquarters via process server, that provided notice of Defendant s violations of the CLRA and demanded that Defendant correct the unlawful, unfair, false and or deceptive practices alleged here. Defendant has determined not to make any corrections.

## II.    R   U ST  OR R LI

67.    Plaintiff, on behalf of herself and the members of the Class, seek judgment as follows:

a.      Certifying the Class as requested herein, certifying Plaintiff as the representative of the Class, and appointing Plaintiff's counsel as counsel for the Class;

b.      Ordering that Defendant is financially responsible for notifying all members of the Class of the alleged misrepresentations and omissions set forth herein;

c.      Awarding Plaintiff and the members of the Class statutory damages or compensatory damages in an amount according to proof at trial;

d.      Awarding interest on the monies wrongfully obtained from the date of collection through the date of entry of judgment in this action;

e.      Awarding attorneys' fees, expenses, and recoverable costs reasonably incurred in connection with the commencement and prosecution of this action; and

f.      Directing such other and further relief as the Court deems just and proper.

## VIII.      **DEMAND FOR JURY TRIAL**

68.      Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury as to all matters so triable.

Dated:    1\13\25

Allen R. Ball, Esq.
Brett Yorke, Esq.
LAW OFFICE OF BALL & YORKE
1001 Partridge Drive, Suite 330
Ventura, California 93003
T: 805-642-5177
E: aball@ballandyorkelaw.com
E: brettyorke@ballandyorkelaw.com

1

2    Dated:    1/8/25

3                                              Anthony Russo, Esq.*
                                              THE RUSSO FIRM
4                                              1001 Yamato Road, Suite 106
                                              Boca Raton, FL 33431
5                                              T: 844-847-8300
                                              E: anthony@therussofirm.com
6

7

8    Dated:    1/8/25

9                                              James C. Kelly, Esq.*
                                              THE RUSSO FIRM
10                                             244 5th Avenue, Suite K-278
                                              New York, NY 10001
11                                             T: 212-920-5042
                                              E: jkelly@therussofirm.com
12

13                                             *pro hac vice motions to be filed

14                                             Counsel for plaintiff
                                              and the proposed class
15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT